UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

SQUARE D COMPANY,

        Plaintiff,

  v.                                       Case No. 04-C-775

JAMES VAN HANDEL, et al,

        Defendant.

**ORDER**

Defendant Magnetech has filed a motion for leave to file an amended cross-complaint against its co-defendant, James VanHandel. VanHandel opposes the motion claiming that the information upon which the new claims are based was already known by Magnetech at the time it filed its original cross-complaint and further that the new allegations reiterate claims already presented and add little of substance to the case.

Magnetech's motion will be granted. Rule 15 of the Federal Rules of Civil Procedure provides that leave to file amended pleadings shall be freely given when justice so requires. After my review of the complaint, I am satisfied that it adds significant new facts concerning the claims against VanHandel. Moreover, the case is in the early stages of litigation and VanHandel will suffer no unfair prejudice as a result of permitting Magnetech being allowed to amend its pleading. Accordingly, Magnetech's motion is granted and the amended cross-complaint attached as an

exhibit to its motion is accepted for filing. VanHandel shall have 20 days from the date of this order within which to file an answer.

Magnetech also seeks an order requiring VanHandel to preserve any and all documents, electronic data, or any other tangible item that is or may be relevant to this action. Magnetech further argues that in order to preserve evidence or information that may be relevant to its case, the court should order VanHandel to take specific steps so as to avoid the inadvertent destruction of evidence or information.

This motion will be denied because it is unnecessary. VanHandel is on notice that Magnetech is seeking and intends to seek any and all documents, electronic data or other evidence which may in any way potentially relate to the claims and defenses in this case. Based upon that knowledge, VanDenHandel has an obligation to retain any such evidence and to use reasonable care to avoid its destruction or loss. As explained in *Computer Associates Intern., Inc. v. American*, 133 FRD 166, 168-69(d) (Colo. 1990):

> Sanctions may be imposed against a litigant who is on notice that documents and information in its possession are relevant to litigation, or potential litigation, or are reasonably calculated to lead to the discovery of admissible evidence, and destroys such documents and information. While a litigant is under no duty to keep or retain every document in its possession once a complaint is filed, it is under a duty to preserve what it knows, or reasonably should know, is relevant in the action, is reasonably calculated to lead to the discovery of admissible evidence, is reasonably likely to be requested during discovery, and/or is the subject of a pending discovery request.

Where a litigant ignores this obligation and destroys document or evidence which he knows or should know may be relevant to the proceeding, Fed. R. Civ. P. 37 and the court's inherent authority provide a basis for imposing sanctions up to and including striking any defenses. *Monsanto v. Ralph*, 382 F.3d 1374 (8th Cir. 2004). Based upon this authority and the notice VanHandel

2

necessarily has as to the nature and extent of the claims made against him, I conclude that no order is required. Accordingly, Magnetech's motion for preservation of evidence is denied.

**SO ORDERED**.

Dated this 10th day of June, 2005.

s/ William C. Griesbach
William C. Griesbach
United States District Judge
